IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES EDWARD KING                                                              PLAINTIFF

v.                            Civil No. 6:09-cv-06096

GARLAND COUNTY DEPARTMENT
OF HUMAN SERVICES                                                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Charles Edward King filed this action seeking review of the denial of his application for food stamps. He proceeds *pro se* and *in forma pauperis* (IFP). The complaint was provisionally filed prior to a determination regarding service of process. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The Court has the obligation under 28 U.S.C. § 1915(e)(2) to screen any complaint in which an individual is proceeding IFP. 28 U.S.C. § 1915(e)(2). The Court must determine if the claims asserted are frivolous, malicious, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B). If so, the Court dismisses the complaint prior to service of process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).

### BACKGROUND

According to the allegations of the complaint (Doc. 1) and supplement (Doc. 5), Plaintiff, Charles King (hereinafter King), applied, at some unspecified date, for food stamps. He submitted his application at the Garland County Department of Human Services. The application for food

stamps has a series of four questions the applicant is required to answer. Question three on the application is the one at issue in this case. Question three provides: "Have you or any household member been found guilty of or pled guilty or nolo contendere (no contest) to a felony conviction involving the manufacture or distribution of a controlled substance."

On his initial application, King states he answered this question "yes." He asserts the correct response should have been "no." King indicates he was convicted in Los Angeles, California, on March 8, 1998, of possession of a controlled substance. He maintains he does not have any record of arrest, or conviction, for the manufacture or distribution of a controlled substance. King filled out a second application for food stamps on August 24, 2009, and submitted a letter asking for reconsideration of the initial application. On this application, he checked "no" in response to question number three.

King's request for review of the denial of his application and for reconsideration went before the Office of Appeals and Hearings, Arkansas Department of Human Services. On August 17, 2009, Will White, the Hearing Officer, issued a final order regarding the application. The order noted that a hearing was held by conference call on August 3, 2009. The order indicates that in connection with King's initial application for food stamps he indicated during an interview on April 9, 2009, that he had a drug conviction involving the manufacturing and/or distribution of a controlled substance. King was given a form DCO-19 at the time of the interview and was requested to provide the judgment and disposition order for the drug conviction. King was given until May 9, 2009, to provide the requested information. King failed to return the form.

Pursuant to the Food Stamp Certification Policy 1622.20, if the status of the applicant's drug-related charges cannot be determined or the individual refuses to provide the required documentation regarding the offense, the application is denied. The Hearing Officer held the application was

properly denied under Policy 1622.20.

King was notified of the decision rendered by the Hearing Officer by letter dated August 17, 2009. He was also advised he had the right to appeal the decision through the Administrative Procedure Act. If he wished to pursue judicial review, he was told a petition must be filed in the circuit court in the county he resided in or in Pulaski County within thirty days of his receipt of the decision.

On August 27, 2009, King was advised by letter that his motion for reconsideration had been denied. The letter indicated there was no valid reason for reconsideration.

## DISCUSSION

The Food Stamp Act, 7 U.S.C. §§ 2011, *et seq.*, was enacted to "safeguard the health and well being of the Nation's population by raising the levels of nutrition among low-income households." 7 U.S.C. § 2011. Stage agencies administer the Food Stamp Program. *See* 7 C.F.R. § 271.4. Any person who was found guilty or pled guilty or nolo contendere to any state or federal felony offense which has as a element of the offense the distribution or manufacture of a controlled substance is not eligible for benefits under the Food Stamp Program. *See* Ark. Code Ann. 20-76-409.

The states are required to provide a "fair hearing to any household aggrieved by any action of the State agency which affects the participation of the household in the Program." 7 C.F.R. § 273.15. The regulations also require the State to provide a means of judicial review of the hearing decision. *Id.*

Federal courts do "not have jurisdiction to review the decisions of state administrative agencies to determine if they are based upon correct information." *Gale v. Moore*, 587 F. Supp. 1491, 1494 (W.D. Mo. 1984), *aff'd as modified on other grounds*, 763 F.2d 341 (8th Cir. 1985). *See also Lundahl v. Hawkins*, 2009 WL 2461220, 4 (W.D. Tex. 2009). King should have requested

judicial review at the State level, by filing a petition in the county he resides in or in Pulaski County, Arkansas, Circuit Court as he was instructed by letter dated August 17, 2009 from the State agency. In this case King does not allege any unconstitutional action by State officials, rather he requests that this Court review the decision of a State agency to determine if that decision was based on erroneous information.   The Court lacks jurisdiction to perform this review and should decline to do so.

## **CONCLUSION**

For the reasons stated, I recommend that King's claims be dismissed on the grounds the claims are frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(I) and (ii)(IFP action may be dismissed on such grounds at any time).

**King has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  King is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 27th day of April 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE